UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

JACQUELINE RODRIGUEZ-CHAVEZ,　)
　　　　　　　　　　　　　　　)
　　　　　　　Petitioner,　　　)
　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　)　　Nos.:　3:12-CR-10-TAV-HBG-5
　　　　　　　　　　　　　　　)　　　　　3:13-CV-238-TAV
UNITED STATES OF AMERICA,　　)
　　　　　　　　　　　　　　　)
　　　　　　　Respondent.　　　)

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 157].[1] The government filed a response in opposition to the § 2255 motion [Doc. 165] and Petitioner filed a reply to that response [Doc. 166].[2] For the reasons discussed herein, the Court finds that Petitioner is entitled to an evidentiary hearing.

## I. Background

On February 14, 2012, a federal grand jury for the Eastern District of Tennessee filed a twelve-count indictment against Petitioner and five codefendants charging Petitioner specifically with conspiring to possess and distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (Count One);

---

[1] All citations to the record are found on the docket of Case No. 3:12-CR-10-5. The Court notes that a motion to reduce sentence [Doc. 199], is also pending. The Court deferred ruling on this motion [Doc. 205], and will address the merits of the motion [Doc. 199], on a later date.

[2] The Court liberally construes this filing [Doc. 166] as a supplement to the § 2255 petition.

conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count Two); possession of a firearm by an unlawful alien in violation of 18 U.S.C. § 922(g)(5) (Count Eleven); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Twelve) [Doc. 49].

On April 2, 2012, Petitioner pleaded guilty to Counts One and Two of the indictment, pursuant to a written plea agreement [Doc. 96]. The Court, in December of 2013, sentenced Petitioner to a term of 96 months' imprisonment [Doc. 151]. Petitioner did not file a direct appeal. On April 30, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 [Doc. 105]. The matter is now ripe for review.

## II.    Analysis

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates two grounds of collateral challenge in her petition, including: (1) multiple theories of ineffective assistance of counsel; and (2) unconstitutional sentence

2

enhancement based on the Supreme Court ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) [Doc. 166].

As to Petitioner's first ground, a petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not consider whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th

3

Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Further, the petitioner has the burden to establish that she is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at \*3 (Aug. 16, 2010) (recognizing that the "burden of proving ineffective assistance of counsel is on the [p]etitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at \*3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

Petitioner herein asserts four separate theories of ineffective assistance, including allegations that trial counsel: (1) failed to file a requested direct appeal; (2) failed to contest the drug purity and the drug quantity attributed to Petitioner; (3) failed to challenge Petitioner's position in the conspiracy; and (4) failed to correctly estimated Petitioner's sentence range [Doc. 157 p. 4].

As to Petitioner's first theory of ineffective assistance—that counsel failed file a requested direct appeal—under Sixth Circuit law, if "counsel had ignored [a defendant's] express instruction to file an appeal," that "amounts to a per se violation of the Sixth Amendment." *Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012) (alteration in original) (internal quotation marks omitted) (citation omitted); *see also Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (finding that a "failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the

4

probability of success on appeal"). In that circumstance, a petitioner is "entitled to relief under § 2255." *Campbell*, 686 F.3d at 359.

In this case, Petitioner states that she asked counsel "to file an appeal for [her] after sentencing, but [her] request was not honored" [Doc. 157 p. 7]. In response, the government notes that Petitioner's claim regarding a request for appeal is directly contradicted by the sworn affidavit of Petitioner's counsel, in which counsel states that Petitioner "did not indicate a desire to pursue a direct appeal and never subsequently asked [him] to file a notice of appeal on her behalf" [Doc. 165-1 ¶ 3].

Based on the record, the Court cannot conclusively determine that Petitioner is not entitled to relief on this basis, as it lacks sufficient evidence to determine whether counsel failed to file a notice of on Petitioner's behalf, despite an express and timely request from Petitioner that such notice be filed. The Sixth Circuit has stated that unless the "record conclusively shows that the petitioner is entitled to no relief," an evidentiary hearing is "mandatory." *Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015).

Accordingly, Petitioner is entitled to an evidentiary hearing on the issue of whether she did, in fact, request that counsel file a direct appeal.[3] The parties will be afforded an opportunity to supplement the record with additional proof and other materials as provided in Rule 7 of the § 2255 Rules. Petitioner will be appointed counsel to represent her solely as to this issue.

---

[3] The Court need not assess the merits of Petitioner's other claims for relief until the issues regarding the filing of her direct appeal have been resolved.

## III.    Conclusion

For the reasons discussed herein, Petitioner is entitled to an evidentiary hearing limited solely to the issue of whether Petitioner expressly and timely requested that counsel file a direct appeal on her behalf.  It is hereby **ORDERED** that this matter is **REFERRED** to the Honorable H. Bruce Guyton, United States Magistrate Judge, to hold an evidentiary hearing and prepare a report and recommendation.  Magistrate Judge Guyton shall appoint counsel to represent Petitioner as stated herein.

IT IS SO ORDERED.


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE