UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JACQUELINE RODRIGUEZ-CHAVEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.  3:12-CR-10-TAV-HBG |
| | ) | 3:13-CV-238-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jacqueline Rodriguez-Chavez, a federal prisoner, pleaded guilty to conspiracy to possess and distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A); and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) [Doc. 96].[1] In her plea agreement, Petitioner waived the right to file a direct appeal of her conviction or sentence except that she retained the right to appeal a sentence "above the sentencing guideline range as determined by the district court"[2] [Doc. 96 p. 4]. On December 11, 2012, the Court sentenced Petitioner to 96 months imprisonment, a sentence below the guideline range imposed by the Court [Doc. 148]. The Court entered a judgment of conviction on December 21, 2012 [Doc. 151]. From Petitioner's initial appearance through sentencing and the entry of Judgment, Petitioner was represented by Attorney Jonathan S. Wood.

Petitioner has now filed a timely pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 157], alleging her attorney failed to appeal her

---

[1] All citations are to the record in Case No. 3:12-CR-10.
[2] The Defendant also waived the right to file any motion pursuant to 28 U.S.C. § 2255 or to attack her sentence collaterally, except that she retained the right to raise claims of ineffective assistance of counsel about which she did not know at the time that the Judgment was entered. [Doc. 96]

sentence after being asked to file a notice of appeal. The Government has responded in opposition to this motion and has filed an affidavit of Attorney Wood stating that Petitioner, contrary to her present assertion, did not ask him to file an appeal [Doc. 165]. On August 17, 2016, Chief United States District Judge Thomas A. Varlan referred this matter to the undersigned for an evidentiary hearing to determine a single issue: Whether the Petitioner did, in fact, ask her attorney to file a direct appeal on her behalf [Doc. 229].

The undersigned held the evidentiary hearing on August 26, 2016. Attorney James H. Varner represented Petitioner Rodriguez-Chavez. Assistant United States Attorney David Lewen appeared on behalf of the Respondent, the United States. At the August 26 hearing, Mr. Varner informed the Court that he had consulted with Petitioner and that Petitioner wanted to withdraw her ineffective assistance of counsel claim based on Attorney Wood's alleged failure to file a notice of appeal. Mr. Varner stated that Petitioner believed withdrawing the claim was in her best interest and that she preferred to pursue the remaining claims asserted in her pending § 2255 and § 3582 motions instead. Petitioner was sworn and, with the assistance of an interpreter, stated that she understood Attorney Varner's comments to the Court and agreed. Further, Petitioner stated that she had spoken with counsel regarding the withdrawal of the claim and understood that the issue, once dismissed, could not be raised again. AUSA Lewen objected to Petitioner's request to withdraw, citing an ongoing problem with prisoners filing frivolous ineffective assistance of counsel claims premised on an alleged failure to file a notice of appeal.

While the Court appreciates the Government's frustration with the wasted effort and expense in litigating this issue, the Court finds Petitioner's request to withdraw this issue to be

well taken. Accordingly, the undersigned **RECOMMENDS**[3] that the Petitioner's oral motion to withdraw the ineffective assistance claim alleging prior counsel's failure to file a notice of appeal be **GRANTED**, and further, that Petitioner's ineffective assistance of counsel claim based on Attorney Wood's alleged failure to file a notice of appeal be **DENIED** as moot and **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).