UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JACQUELINE RODRIGUEZ-CHAVEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:12-CR-10-TAV-CCS-5 |
| | ) | 3:13-CV-238-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 157].[1] The government filed a response in opposition to the § 2255 motion [Doc. 165] and Petitioner filed a reply to that response [Doc. 166].[2]

Also before the Court is the Report and Recommendation of Magistrate Judge H. Bruce Guyton, entered on August 30, 2016 [Doc. 236] (the "R&R"), which addresses an evidentiary hearing in relation to Petitioner's § 2255 motion. There have been no timely objections to the R&R, and enough time has passed since the filing of the R&R to treat any objections as having been waived. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

For the reasons discussed herein, the Court will accept the R&R in whole [Doc. 236], and Petitioner's § 2255 motion will be denied and dismissed with prejudice [Doc. 157].

---

[1] All citations to the record are found on the docket of Case No. 3:12-CR-10-5.

[2] The Court liberally construes this filing [Doc. 166] as a supplement to the § 2255 petition.

**I.   Background**

On February 14, 2012, a federal grand jury for the Eastern District of Tennessee filed a twelve-count indictment against Petitioner and five codefendants charging Petitioner specifically with conspiring to possess and distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) (Count One); conspiring to commit money laundering in violation of 18 U.S.C. §§ 1956(h) (Count Two); possession of a firearm by an unlawful alien in violation of 18 U.S.C. § 922(g)(5) (Count Eleven); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Twelve) [Doc. 49]. On April 2, 2012, Petitioner pleaded guilty to Counts One and Two of the indictment, pursuant to a written plea agreement [Doc. 96].

In calculating the applicable guidelines range, the probation officer found that the drug quantity Petitioner was responsible for, in addition to the two-level money laundering enhancement; two-level safety valve reduction; and the three-level reduction for acceptance of responsibility resulted in a guidelines range from 108 to 135 months' imprisonment [Presentence Report ("PSR") ¶¶ 16–17, 25, 32–34]. The Court, in December of 2013, sentenced Petitioner to a term of 96 months' imprisonment [Doc. 151]. Petitioner did not file a direct appeal.

On April 30, 2013, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 [Doc. 105]. She articulates two grounds of collateral challenge in her petition, including: (1) multiple theories of ineffective assistance of counsel; and (2) unconstitutional sentence enhancement based on the Supreme Court ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) [Doc. 166]. Petitioner's theories of ineffective assistance include allegations that trial counsel: (1)

2

failed to file a requested direct appeal; (2) failed to contest the drug purity and the drug quantity attributed to the Petitioner; (3) failed to challenge the Petitioner's position in the conspiracy; and (4) failed to correctly estimated the Petitioner's sentence range [Doc. 157 p. 4].

The Court issued a Memorandum and Opinion on August 17, 2016, and found that Petitioner was entitled to an evidentiary hearing in regard to her first theory of ineffective assistance of counsel, to determine whether she did, in fact, request that counsel file a direct appeal [Doc. 229 p. 3]. The Court then referred the matter to Magistrate Judge H. Bruce Guyton to hold the evidentiary hearing and prepare a report and recommendation [*Id.* at 4].

## II. The R&R

Magistrate Judge Guyton held a hearing in this matter on August 26, 2016 [Doc. 236 p. 2]. During this hearing Petitioner requested to withdraw her ineffective assistance of counsel claims premised on an alleged failure to file a notice of appeal [*Id.*]. Accordingly, the magistrate judge recommended that Petitioner's oral motion to withdraw the ineffective assistance of counsel claim alleging prior counsel's failure to file a notice of appeal be granted, and further, that Petitioner's ineffective assistance of counsel claim based on Attorney Wood's alleged failure to file a notice of appeal be denied as moot and dismissed with prejudice. After a careful review of the matter, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling.

### III. Analysis of the § 2255 Motion

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner articulates two grounds of collateral challenge in her petition, including: (1) multiple theories of ineffective assistance of counsel; and (2) unconstitutional sentence enhancement based on the Supreme Court ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013) [Doc. 166]. The Court will evaluate Petitioner's specific claims in turn.

#### A. Ineffective Assistance of Counsel

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel's assistance is presumed to have been effective, and the petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at

4

689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy" (internal citation omitted)).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant a new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Further, the petitioner has the burden to establish that she is entitled to relief. *See Bevil v. United States*, No. 2:06-CR-52, 2010 WL 3239276, at *3 (Aug. 16, 2010) (recognizing that the "burden of proving ineffective assistance of counsel is on the Petitioner"); *see also Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882 at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

5

Case 3:12-cr-00010-TAV-HBG   Document 238   Filed 09/27/16   Page 5 of 11   PageID #: 870

Petitioner herein asserts four separate theories of ineffective assistance, including allegations that trial counsel: (1) failed to file a requested direct appeal; (2) failed to contest the drug purity and the drug quantity attributed to the Petitioner; (3) failed to challenge the Petitioner's position in the conspiracy; and (4) failed to correctly estimated the Petitioner's sentence range [Doc. 157 p. 4].

### 1. Failure to File Notice of Direct Appeal

Because the Court will adopt the magistrate judge's recommendation that Petitioner's oral motion to withdraw the ineffective assistance of counsel claim alleging prior counsel's failure to file a notice of appeal be granted, and further, that Petitioner's ineffective assistance of counsel claim based on Attorney Wood's alleged failure to file a notice of appeal be denied as moot and dismissed with prejudice, the Court need not further analyze this basis for relief.

### 2. Failure to Contest the Drug Purity and the Drug Quantity

Petitioner's second argument for ineffective assistance of counsel is that counsel's performance was deficient due to his failure to contest the drug purity and the drug quantity attributed to Petitioner.

Petitioner's written plea agreement sets forth the elements of Petitioner's drug conspiracy charge [Doc. 96 ¶ 3]. Upon signing the plea agreement, Petitioner stipulated to the following elements: (1) she agreed with others to violate federal drug laws; (2) she knowingly and intentionally joined in the conspiracy; (3) she participated in the conspiracy; and (4) the conspiracy involved at least five kilograms or more cocaine [*Id.*]. Petitioner also stipulated to sufficient facts to satisfy those elements [*Id.* ¶¶ 4(a), (d)]. Specifically,

6

Petitioner stipulated to the fact that, while she was apprehended with approximately five kilograms of cocaine, the conspiracy involved fifteen to fifty kilograms of cocaine [*Id.* ¶ 4]. Petitioner confirmed to the Court that she discussed this information, in addition to any possible defenses, with counsel [*Id.* ¶ 3].

Because Petitioner stipulated to the drug purity and quantity in the plea agreement and made no objections regarding the purity of the cocaine or the amount of cocaine attributable to her, the Court finds no merit in Petitioner's allegation of deficient assistance of counsel based on counsel's failure to object. *See United States v. Laskowski*, 1 F. App'x 363, 367 (6th Cir. 2001) (noting that counsel's performance does not fall below an objective standard of reasonableness if counsel fails to object to drug quantities stipulated in a petitioner's plea agreement); *United States v. Williams*, 176 F.3d 301, 312 (6th Cir. 1999) (stating that "it is impossible to contend that the performance of [the petitioner's] attorney fell below the constitutionally required standard under the first prong of *Strickland*" when the petitioner stipulated to the drug amount in the plea agreement and accepted this provision at the plea hearing).

The Court need not reach the question of whether any prejudice existed because Petitioner's insufficient showing of deficient performance obviates the need to do so. *See Strickland*, 466 U.S. at 697 (finding "no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [Petitioner] makes an insufficient showing on one"). Because Petitioner's claim does not satisfy the *Strickland* test, she cannot prevail on this theory.

7

Case 3:12-cr-00010-TAV-HBG   Document 238   Filed 09/27/16   Page 7 of 11   PageID #: 872

### 3. Failure to Challenge Petitioner's Position in the Conspiracy

Petitioner's third claim for ineffective assistance of counsel is that counsel's performance was deficient due to a failure to challenge Petitioner's position in the alleged conspiracy. Upon review of the record, the Court finds several instances where Petitioner's counsel addressed Petitioner's role in the conspiracy charged [Doc. 136]. Indeed, Petitioner's counsel filed an entire sentencing memorandum "attempt[ing] to explain, but in no way [attempting] to justify, Ms. Rodriguez-Chavez . . . involvement in this drug conspiracy" [*Id.* at 3].

In light of the foregoing, the Court finds Petitioner's counsel adequately raised the issue of Petitioner's role in the conspiracy for the Court's consideration and has not been deficient in that regard. As such, this theory does not satisfy part one of the *Strickland* test, and Petitioner cannot prevail on this theory. *See Strickland*, 466 U.S. at 689.

### 4. Failure to Correctly Estimate Petitioner's Sentencing Range

Finally, Petitioner's fourth theory is based on counsel's failure to correctly estimate Petitioner's sentence range. Petitioner acknowledged in the plea agreement that the drug conspiracy charge was punishable by "a minimum mandatory term of imprisonment of ten (10) years and up to life" [Doc. 96 ¶ 1(a)]. Petitioner further acknowledged the possibility of an even greater term of imprisonment for the additional money laundering charge [*Id.* ¶ 1(b)]. She also acknowledged that the "Court may impose any lawful term of imprisonment . . . up to the statutory maximum" [*Id.* ¶ 2(a)]. During Petitioner's plea colloquy, the Court reiterated the possible sentence range of the charged offense [Doc. 109]. Additionally, the plea agreement specifically states that "any estimates or predictions made to the defendant by

8

defense counsel are not binding on the Court, and . . . the sentence in this case will be determined by the Court after it receives the presentence report" [Doc. 96 ¶ 12].

The Court finds Petitioner was adequately informed about the potential sentence exposure. Because Petitioner has failed to demonstrate any instance of misadvice by counsel, a claim of ineffective assistance of counsel under the present theory must fail. Further, because Petitioner has not demonstrated that any alleged misadvice caused her to plead guilty, she cannot establish she incurred prejudice as a result of counsel's allegedly deficient assistance during the plea negotiation process. *See United States v. Hicks*, 4 F.3d 1358, 1363 n.3 (6th Cir. 1993) ("[I]t is well settled that a defense attorney's erroneous calculation and prediction of the sentencing guidelines is not a basis for setting aside a guilty plea."); *United States v. Stephens*, 906 F.2d 251, 254 (6th Cir. 1990) ("The fact that the range was not determined beforehand, or was estimated incorrectly by his counsel, does not justify withdrawing the plea.").

Consequently, the Court finds that Petitioner's claim of ineffective assistance of counsel cannot survive under this theory.

**B.** *Alleyne* **Claim**

Citing *Alleyne*, Petitioner asserts her Constitutional rights were violated because an enhanced statutory mandatory minimum sentence applied to her based on facts that were not proven to a jury [Doc. 166 p. 2]. She argues the enhancement unconstitutionally altered her sentencing range, and that the proposed sentence should have been lower than the 96 month term of imprisonment she received [*Id.*].

9

In *Alleyne*, the Supreme Court held "[f]acts that increase the mandatory minimum sentence are . . . elements and must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2158. This holding does not, however, impact a district court's discretion to select a sentence within a statutory range, nor does it do away with the guideline concept of relevant conduct. *See id.* at 2163 ("Our decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law.").

Petitioner has not identified any judicial fact-finding that increased the statutory range of her punishment. The enhancement she discusses only affected the advisory guidelines range. As a result, Petitioner's claim fails to provide any basis for granting relief.

## IV. Conclusion

For the reasons discussed herein, the Court is in agreement with Magistrate Judge Guyton's recommendations, which the Court adopts and incorporates into its ruling. Accordingly, the Court will **ACCEPT IN WHOLE** the R&R [Doc. 236], and Petitioner's oral motion to withdraw the ineffective assistance of counsel claim alleging prior counsel's failure to file a notice of appeal will be **GRANTED**.

In addition, Petitioner's § 2255 motion as a whole [Doc. 157] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right,

a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). The Clerk of Court is will be **DIRECTED** to **CLOSE** Case No. 3:13-CV-238.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

11

Case 3:12-cr-00010-TAV-HBG   Document 238   Filed 09/27/16   Page 11 of 11   PageID #: 876